## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS
### (EASTERN DIVISION)

| | | |
|---|---|---|
| IN RE: )<br>)<br>THE ACADEMY AT PENGUIN HALL, INC., )<br>  Debtor )<br>_____) | | Chapter 11<br>Case No. 25-11191 CJP |
| REYA AL-KHALILI )<br>v. )<br>)<br>THE ACADEMY AT PENGUIN HALL, INC., )<br>MARY MARTINS AND ALBERT MARTINS )<br>_____) | | Adv. Proc. No.:<br>COMPLAINT |

### PARTIES

1. The plaintiff, Reya Al-Khalili, is an individual who resides in Beverly, Essex County, Commonwealth of Massachusetts.
2. The defendant, The Academy at Penguin Hall, Inc., (hereinafter "Academy") is a Massachusetts corporation with a principal place of business located at 36 Essex Street, Wenham, Essex County, Commonwealth of Massachusetts.
3. The defendant, Mary Martins is an individual residing at 69 Cherry Street, Wenham, Essex County, Massachusetts.
4. The defendant, Albert Martins is an individual residing at 69 Cherry Street, Wenham, Essex County, Massachusetts.

### JURISDICTION AND VENUE

5. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and (J) and is therefore properly before this Honorable Court.
6. This action constitutes an adversary proceeding under Rule 7001(6) of the Federal Rules of Bankruptcy Procedure.
7. Venue is proper in this district pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 1409.

1

## STATEMENT OF FACTS

8. The plaintiff incorporates the allegations contained in paragraphs 1 and 7 as if fully set forth herein.
9. At all times relevant hereto, the plaintiff was an employee of the Academy.
10. The defendants, Mary and Albert Martins, are the owners of the Academy at Penguin Hall, Inc. and have at all times controlled the aspects of the management of the Academy.
11. Albert Martins is the treasurer of the Academy and manages the Academy.
12. The plaintiff was hired and began working for the defendants as a teacher on January 4, 2023.
13. As part of her employee contract, the defendants were bound to establish and continue to contribute to a 403B retirement account in plaintiff's name with funds taken out of her paychecks.
14. Also as part of her employee contract, the defendants stated to her that it would give her a 5% match for her 403B retirement account that was to be established in plaintiff's name.
15. Beginning on February 4, 2023, Ms. Al-Khalili contributed $1,038.46 from each pay period into the 403B retirement account that was offered contractually by the defendants.
16. The relevant contract states that the Academy was to match 5% of salary.
17. At all times, the defendants fraudulently and/or maliciously refused to contribute the 5% match as they were contractually required to do instead unilaterally deciding to use those funds for its own operation and/or the personal benefit of the defendant's owners, directors, managers and officers.
18. The Academy unilaterally stopped the 5% match policy on July 1, 2023.
19. Prior to stopping the policy, the defendants owe Ms. Al-Khalili a minimum $1,341.20 plus gains.
20. From July 24, 2023 until November 1, 2024, the defendants deducted $1,038.46 from plaintiff's pay for the express purpose of contributing those funds into her 403B retirement account.
21. In total, the defendants took $35,307.64 from the plaintiff under the agreement and representation that it would deposit those funds into plaintiff's retirement account.
22. In November 2024, the plaintiff learned that despite taking the money from her, the defendants actually never contributed the money into plaintiff's retirement account.

23. Instead, the defendants used plaintiff's money for the operation of the Academy and/or the personal benefit of the defendant's owners, directors, managers and officers.
24. The illegal and improper use of the plaintiff's funds for defendants' operation and use was done without authorization, knowledge or permission.
25. The use of plaintiff's funds was done fraudulently and/or maliciously and against the express representation made to the plaintiff when deducting those funds from her paycheck.
26. As such, the defendants never paid to the plaintiff her salary that was earned within time limitations of applicable law.
27. The defendant and its owners and managers acknowledged this fraudulent misuse to the plaintiff directly to her.
28. When brought to the defendants' attention originally, the parties agreed to a repayment schedule to pay back the money fraudulently taken and improperly used.
29. By virtue of that repayment agreement, the defendants repaid $5,817.07 into Ms. Al-Khalili's retirement after being caught in their fraudulent scheme.
30. Since February 13, 2025, the defendants have stopped paying anything and still owes the plaintiff $29,490.57 as well as the investment growth as single damages.
31. The defendants continued their fraudulent, malicious and improper behavior and while accepting the work of the plaintiff continuing to represent that she would be paid, refused to pay her salary from May 24, 2025 until August 22, 2025.
32. As a result of the defendants' failure to pay wages, the plaintiff's $19,344.00 in earned wages was instead kept by the defendants and used for its operation and/or the personal benefit of the defendant's owners, directors, managers and officers.
33. On or about May 29, 2025, the attorney general's office gave the plaintiff permission to sue the defendants privately.

**COUNT I**

**11 U.S.C. § 727**

34. The plaintiff incorporates the allegations contained in paragraphs 1 and 32 as if fully set forth herein.
35. Defendants are indebted to the plaintiff as it transferred, deposited, withdrew and concealed transfers of money and property obtained through the above transactions and did so with the intent to hinder, delay and/or defraud its creditors and/or an offered of the Bankruptcy Complaint.

## COUNT II

### 11 U.S.C. §523(a)(2)(A)

36. The plaintiff incorporates the allegations contained in paragraphs 1 and 35s as if fully set forth herein.
37. Defendants are indebted to plaintiff as a result of its use of plaintiff's property by false pretenses, false representations and actual fraud as set forth herein.

## COUNT III

### 11 U.S.C. §523(a)(4)

38. The plaintiff incorporates the allegations contained in paragraphs 1 and 37 as if fully set forth herein.
39. Defendants are indebted to plaintiff as a result of its use of plaintiff's property by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

## COUNT IV

### 11 U.S.C. §523 (a)(6)

40. The plaintiff incorporates the allegations contained in paragraphs 1 and 39 as if fully set forth herein.
41. The defendants are indebted to plaintiff for the harm caused to her as a result of willful and malicious misconduct toward the plaintiff.

## COUNT V

### Violation of G.L. ch. 149, §148

42. The plaintiffs incorporate by reference each of the allegations contained in Paragraphs 1 through 41 as if each set forth fully herein.
43. At all times relevant hereto, the plaintiff was a salaried employee.
44. As a result, the defendants were to pay her salary within six days of the termination of the pay period by which they were earned.
45. By taking plaintiff's salary and other money under the pretense of contributing to her retirement, but then not doing so due to fraud, malice, illegal action and/or larceny, the defendants have violated the Wage Act.
46. By virtue of the above actions, the plaintiff's damages must be tripled and the defendants are to pay for the plaintiff's reasonable attorneys' fees.

47. The individual defendants are responsible for the breach of the Massachusetts Wage Act.

## COUNT VI

### Breach of Contract

48. The plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.
49. By virtue of the above, the parties had an agreement whereby the defendants would contribute to the plaintiff's retirement funds and also pay her salary into an established account.
50. Upon information and belief, the defendants breached that agreement by wrongfully keeping the plaintiff's salary, failed to contribute funds to her retirement and match her contribution.
51. As a result of the breaches, the plaintiff has been harmed.

WHEREFORE the plaintiff prays that this Honorable Court enter judgment:
1. Declaring that defendants' debt to the plaintiff is non-dischargeable pursuant to 11 U.S.C. s. 727;
2. Declaring that defendants' debt to the plaintiff is non-dischargeable pursuant to 11 U.S.C. s. 523(a)(2)(A);
3. Declaring that defendants' debt to the plaintiff is non-dischargeable pursuant to 11 U.S.C. s. 523(a)(4);
4. Declaring that defendants' debt to the plaintiff is non-dischargeable pursuant to 11 U.S.C. s. 523(a)(6);
5. Award no less than $48,834.57 in damages or that which is proven at trial;
6. Award triple damage, gains on uncontributed funds and interest as allowable under law;
7. Awarding Plaintiff her attorney's fees and costs of prosecuting this action; and
8. Any such further relief as shall be just and proper.

**The Plaintiff demands a jury trial on all claims so triable and available.**

Respectfully Submitted,
Reya Al-Khalili,
Through her Attorney,

Christopher F. Hemsey
Hemsey Judge, P.C.
47 Federal Street
Salem, MA 01970
(978) 744-2800
(978) 744- 0024 – fax
BBO# 647631
cfhemsey@hemseyjudge.com

Dated: September 3, 2025

6